## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EVERADO T. ALEGRIA, # B-01085,**

**Petitioner,**

   **vs.**

**TONY GODINEZ,** *et al.***,**

**Respondents.**                                   **Case No. 13-cv-777-DRH**

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner brought this habeas corpus action pursuant to 28 U.S.C. § 2254 on July 31, 2013, while he was confined at the Big Muddy River Correctional Center ("BMRCC"). On August 21, 2013, he notified this Court that he had been transferred to Pontiac Correctional Center ("Pontiac") (Doc. 9).

Petitioner's chief complaint is that he has been unconstitutionally confined in the segregation unit as a result of being found guilty of prison disciplinary charges. He claims that he was not afforded due process during the hearing procedures on those charges. His punishment also included the revocation of three months of good conduct credits, and a disciplinary transfer. He further complains that he was denied necessary medical treatment, not allowed to have a fan in his cell, and denied a low bunk permit that he needed for medical purposes. Other than mentioning that he is serving a 30-year sentence on a "wrongful conviction" of armed violence (Doc. 1, p. 1), he raises no challenge to this conviction. As relief, he seeks to be removed from segregation and placed

back into general population, have his good conduct credits restored, have his disciplinary record expunged, and receive medical treatment (Doc. 1, p. 17).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed, albeit without prejudice.

As an initial matter, this Court must independently evaluate the substance of petitioner's claim to determine if the correct statute - in this case 28 U.S.C. § 2254 - is being invoked. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing § 1983 claims that should have been brought as petitions for writ of habeas corpus); *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002) (district court should not have recharacterized declaratory judgment action as petition for habeas corpus); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or

probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Changes in a prisoner's security level or changes in confinement from one prison to another cannot be attacked using 28 U.S.C. § 2254. *See Bunn*, 309 F.3d at 1008; *DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000); *Graham*, 922 F.2d at 381; *Pischke*, 178 F.3d at 499.

Petitioner is not requesting outright release, but wants to be returned to general population. Such a request is equivalent to seeking a different program or environment, and is not cognizable in a habeas action. Further, petitioner's complaints regarding due process violations, lack of medical care, and other conditions of his confinement fall squarely within the realm of a civil rights action under 42 U.S.C. § 1983.

The only portion of petitioner's claim that belongs in a habeas action is his request for the restoration of his good conduct credits, because their revocation affects the duration of his sentence. While this claim may be reviewed in a § 2254 habeas action, petitioner cannot maintain such an action until he has first exhausted his remedies through the Illinois state courts. *See, e.g.*, *Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). The instant petition does not reflect any attempt by petitioner to do so, and discloses that the final disciplinary action was taken only on July 24, 2013 (Doc. 1, p. 14). Based on that date, exhaustion

could not possibly have been accomplished as of the filing date of July 31, 2013. Furthermore, now that petitioner has been transferred to Pontiac, the only proper respondent in such a habeas claim is his current custodian, that is, the Pontiac Warden. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996).

As to the exhaustion requirement, the Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award or restore sentence credit to a prisoner. *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)).   The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 Illinois Compiled Statutes 5/14-101, *et seq*., to consider the merits of the claim for restoration of good time, before the claim is brought to a federal court.

As noted above, without commenting on the merits of petitioner's civil rights claims, they must be brought in the context of a § 1983 action if he wishes to pursue them.   While in the past, courts sometimes construed a mistakenly-labeled habeas corpus petition as a civil rights complaint, *see, e.g., Graham v. Broglin*, 922 F.2d 379, 381-82 (7th Cir. 1991) (collecting cases), in more recent cases the Seventh Circuit has held that district courts should not do this. *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002); *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997).   It would be particularly inappropriate to recast petitioner's action here, because petitioner would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub. L. No. 104-134, 110 Stat. 1321 (effective April 26,

1996).  *See generally* 28 U.S.C. § 1915.  Specifically, petitioner is responsible for paying a much higher filing fee of $400.00 (or $350.00 if he is granted leave to proceed *in forma pauperis*).  Furthermore, petitioner might be assessed a "strike" if the Court determined that his action was frivolous, malicious, or failed to state a claim upon which relief may be granted.  28 U.S.C. § 1915(g).  Therefore, the Court will not re-characterize the instant habeas petition as a complaint under the civil rights act.

Finally, although the claim for restoration of good conduct credits is properly brought in the context of a § 2254 habeas claim, this claim, and the entire action, shall be dismissed without prejudice.  The habeas claim has been brought prematurely, and because of petitioner's transfer, must now be pursued in the Central District of Illinois against the Pontiac Warden.

**<u>Pending Motions</u>**

Petitioner's motion to amend/correct petition (Doc. 4) does not cure the defects outlined above, and is **DENIED.**   Likewise, petitioner submitted a proposed amended petition on August 26, 2013, which adds two more respondents (construed as a motion to amend, Doc. 10).  In all other respects, the proposed amended petition is identical to the original petition, and suffers from the same flaws as discussed above.  Accordingly, the proposed amended petition shall not be filed, and the motion to amend (Doc. 10) is **DENIED.**   All other pending motions are **DENIED AS MOOT.**

**Filing Fee**

On August 13, 2013 (Doc. 7), petitioner was denied leave to proceed *in forma pauperis* ("IFP"), and was ordered to pay the $5.00 filing fee for this action within 30 days (which falls on September 12, 2013).  The dismissal of this action does not affect the payment order, and this deadline still applies.  A prisoner incurs the obligation to pay the filing fee for a lawsuit when the suit is filed, and the obligation continues regardless of later developments in the suit, such as dismissal of the suit or denial of leave to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch,* 133 F.3d 464, 467-68 (7th Cir. 1998).

**Disposition**

For the reasons stated above, this action is **DISMISSED** without prejudice.  The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(4).  A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $455.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999);

*Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.

Due to the nature of petitioner's claim for habeas relief (restoration of good conduct credits), it is not necessary for petitioner to obtain a certificate of appealability in this action.  *Walker v. O'Brien*, 216 F.3d 626, 637-39 (7th Cir. 2000) (no certificate of appealability is needed for a challenge to "the specific (additional) detention" that results from the action of a non-judicial body such as a prison disciplinary committee or parole board).

**IT IS SO ORDERED.**

Signed this 27th day of August, 2013.

Digitally signed by David R. Herndon
Date: 2013.08.27
11:12:26 -05'00'

**Chief Judge**
**United States District Court**